SAMUEL, Judge.
Plaintiff filed this suit against South Central Bell Telephone Company seeking damages for personal injuries she sustained in a fall. She alleges the fall was brought about by illness and as a result of a refusal by defendant’s personnel to interrupt a busy signal in order to allow her to summon aid from her sister.
Defendant filed a motion for summary judgment based on its tariff, a copy of pertinent written employee instructions, various copies of its records, interrogatories directed to plaintiff and the answers thereto, the deposition of a defendant assistant manager taken by the plaintiff, and a deposition of the plaintiff taken by the defendant. In the trial court it argued that, assuming the truth of all facts as stated by plaintiff, there was no basis for her recovery. The trial judge granted the defendant’s motion and dismissed the suit. Plaintiff has appealed.
In her deposition plaintiff testified: On October 30, 1974, she was baby-sitting at her sister’s residence while her sister visited a friend. She awoke in the morning at about 6 a. m. and began feeling ill about one-half hour later. After attempting to call her sister by telephone to advise her of her infirmity and receiving a busy signal, she requested defendant’s operator to interrupt the telephone call being made from the number she had dialed. The operator inquired whether the reason for interrupting the call was a matter of extreme urgency, i. e., if it was “life or death or something similar”. In answering this question plaintiff did. not state the situation was a matter of life or death, but instead told the operator all she knew was she was sick. She again asked the operator to ring the number. The operator then transferred plaintiff to a supervisor, who advised plaintiff he could not interrupt a call unless it was a matter of “life or death or something”. Plaintiff again stated she was ill, but she did not state she was involved in a life or death situation. Plaintiff then hung up the telephone and again called the operator. The same basic conversations then took place with that operator and with a second supervisor. At that point plaintiff was completely exasperated, exhausted, and physically ill because of the refusal of the employees of defendant to interrupt the telephone conversation. As a result, she fainted, fell to the floor, and sustained bodily injuries.
In order to determine the existence of a duty by defendant to plaintiff, as well as a breach of that duty, the parties devote much argument to the applicability of R.S. 45:785 and to paragraph A.2.8.8 of the General Subscribers Services Tariff filed by defendant with the Louisiana Public Service Commission pursuant to the Commission’s order.
Defendant argues plaintiff is precluded from recovery by paragraph A.2.8.8 of the tariff, which provides:
“The company will not transmit messages, but offers the use of its facilities, and will not be liable for errors in transmission or for failure to establish connections. Employees of the company are forbidden to accept either oral or written messages to be transmitted over the facilities of the company.”
Defendant cites American Telephone & T. Co. v. Florida-Texas Frgt., Inc.,[1] as authority for the proposition that a tariff filed pursuant to order of a state public utilities commission is “the law” and not merely a contractual provision. Hence, it governs all parties using a particular utility whether or not they are contractually related.[2]
*119 On the other hand, plaintiff contends R.S. 45:475,[3] represents the general public policy of the State of Louisiana, which overrides the tariff filed by the defendant. Plaintiff argues this is so even if she herself was not a subscriber for service with defendant, which she denies on appeal.
Defendant urges, as rejoinder, that R.S. 45:785 does not apply to the case before us because plaintiff does not contend defendant failed or refused to transmit a message, but instead merely requested the interruption of a busy connection.
We find it unnecessary to resolve this .question. It is clear from the depositions on file that defendant enacted the procedure followed in this case of only interrupting private telephone conversations in the case of an extreme emergency in order to screen out those calls not of an emergency nature. It is undisputed this procedure was followed in plaintiff’s case. Moreover, by her own admission, plaintiff stated she was ill, but simply did not say or explain that it was a matter of extreme urgency, if in fact it was. An operator supervisor testified by deposition that had plaintiff made this statement the private telephone conversation would have been interrupted and she would have been able to reach the number she was attempting to call. Instead, plaintiff simply stated she was ill, and did not articulate or expound on the extent of her illness or the urgency created thereby.
We are satisfied there is no genuine issue as to material fact. We are also satisfied that, even viewing the matter most favorably for the plaintiff, there was no fault on the part of the defendant. Accordingly, as a matter of law defendant was entitled to the judgment appealed from.[4]
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. 357 F.Supp. 977 (S.D.Fla.1973), affirmed 485 F.2d 1390 (5th Cir. 1973).

. Compare Crowley Industrial Bag Co. v. Western Union Co., La.App., 204 So.2d 725 where a *119 suit under R.S. 45:785 for an error in the transmission of a message which resulted in a $20,-000 business loss was limited to $500 pursuant to a tariff on file with the Federal Communications Commission.

. “All persons operating telegraph or telephone lines or systems and doing business in this state, are hereby required to pay for all damages that may arise from the failure, refusal or neglect to transmit or to deliver, or from any delay in the transmission or the delivery, or from any error made in the transmission or the delivery of any message handled by them or offered them for transmission; and they may be sued either at the place where the message is to be delivered or at the place where the message is offered for transmission or at the domicile of such persons, at the option of the party bringing the suit.” LSA-R.S. 45:785.

. LSA-C.C.P. art. 966.